IN THE UNITED STATES DISTRICT COURT
NOTHERN DISTICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY a/s/o Kenneth L. Mink & Sons, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> AISU TRUCKING, INC., <br><br> Defendant. | ) ) ) ) ) ) ) Case No. ) ) ) ) ) ) |

## COMPLAINT

Plaintiff, HARTFORD FIRE INSURANCE COMPANY a/s/o Kenneth L. Mink & Sons, Inc., ("Hartford") sues Defendant, AISU TRUCKING, INC., ("AISU Trucking") as follows:

1. The Court has jurisdiction over this action pursuant to the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. 14706 et seq., and the action is for damages in excess of $10,000, exclusive of interest and costs. The Court also has pendent, ancillary and supplemental jurisdiction as to certain aspects of the claim.

2. Plaintiff, Hartford, a Connecticut corporation authorized to and doing business in the state of Illinois, is the subrogated insurer of the cargo that is the subject matter in this, and subrogee of the rights and claims in suit, having paid the insurance claim of its insured Kenneth L. Mink & Sons, Inc.

3. Defendant, AISU Trucking, an Illinois corporation authorized to and doing business in the state of Illinois, is and was at all times material in the business of a motor carrier.

The blanket agent for service of process is Truck Process Agents of America, Inc., c/o Linda Blisset, 932 South Spring Street, Springfield, Illinois 62704.

4. Plaintiff's insured arranged for the shipment of 652 oriental rugs, from Swedeboro, New Jersey to Oak Brook, Illinois with a company called, Unishippers, on or about February 28, 2014. Unishippers brokered the load to a company called Extra Mile. Extra Mile in turn, arranged for the transportation of the load to be performed by Defendant motor carrier, AISU Trucking.

5. Plaintiff's insured was at all times material the owner of and had an insurable interest in the rugs at issue.

6. The rugs were received for carriage by the Defendant, AISU TRUCKING, INC., in good order and condition and Defendant, in consideration of certain agreed upon freight, accepted the rugs and agreed to carry and deliver the cargo to destination in like good order and condition as when received and accepted for transportation.

7. The cargo was not delivered in like good order and condition as when received, but rather, on or about February 28, 2014, the tractor and trailer containing the cargo at issue were stolen in Wooddale, Illinois, and there was loss of the cargo and non-delivery of the cargo as a result (See Exhibit A).

8. Plaintiff paid the loss under a policy of insurance in the amount of $123,445.90, and Plaintiff is subrogee of the claim and loss at issue and entitled to bring this action (See Exhibit B).

9. Plaintiff sues on its own behalf and as agent and trustee for and on behalf of the shippers, consignees and owners of the cargo, and the holders of the subject bills of

lading, and as their interests may appear, and anyone else who may now have or hereafter acquire an interest in this action.

10. Despite demand, Defendant has failed and/or refused to pay the claim.

11. Plaintiff and its insured have performed and have complied with any and all conditions precedent to suit, including timely written notice of claim, or any such conditions have been waived and/or excused.

## COUNT I
## INTERSTATE CARGO LOSS/CARMACK AMENDMENT

12. Plaintiff re-alleges and incorporates by reference paragraph 1-11 as paragraph 12 as fully set forth therein

13. On or about February 28, 2014, the cargo was received in good order and condition and accepted into the custody and control of Defendant in Swedeboro New Jersey, for purposes of interstate carriage to the agreed destination in Oak Brook, Illinois.

14. Defendant failed to deliver the cargo at the agreed destination in Oak Brook, Illinois, in like good order and condition as when received.

15. As a result of the foregoing, Plaintiff, and those on whose behalf they sue have sustained damages in the amount of $123,445.90. (See Exhibit C)

16. Defendant is liable to the Plaintiff for the loss and damages pursuant to the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. §14706, *et seq.*, and federal common law related thereto.

3

WHEREFORE, Plaintiff demands judgment against the Defendant in the amount of $123,445.90, pre-judgment interest, costs, and for any such further or other relief to which Plaintiff may be entitled.

Respectfully submitted,

/s/ Andrew J. Pearson
Andrew J. Pearson
One of the Attorneys for Plaintiff

Andrew Pearson
AJP Law Firm LLC
55 W. Wacker Drive, Suite 1400
Chicago, Illinois 60601
(312) 456-7772
(847) 483-1378 (FAX)
Attorney Code: 48598

Daniel K. Touhy
DANIEL K. TOUHY, PC
225 West Wacker Drive, 16th Floor
Chicago, Illinois 60606
(312) 253-3838
(312) 614-1813 (FAX)
Attorney Code No. 12253